IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-cr-40028-001-JPG |
| | ) |
| RUBEN ARROYO, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Ruben Arroyo's appointed counsel's motion to withdraw on the basis that he can make no non-frivolous argument in support of the defendant's request for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 210). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motion (Doc. 214). Arroyo has not responded to counsel's motion although he was given an opportunity to do so.

Arroyo pled guilty to one count of conspiring to distribute crack cocaine, powder cocaine and methamphetamine (Count 1) and five counts of distributing either powder cocaine, crack cocaine or methamphetamine (Counts 2-6). At sentencing, the Court found by a preponderance of the evidence that Arroyo's relevant conduct, comprised of multiple drugs, was at least 30,000 kilograms of marihuana equivalency units ("MEUs"), which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 38. Arroyo's relevant conduct attributable to methamphetamine "ice" alone accounted for 44,000 MEUs, enough to earn him a base offense level of 38. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, by 3 points under U.S.S.G. § 3B1.1(b) for being a manager or supervisor and by 2 points under U.S.S.G. § 3B1.4 for using a minor

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2005 United States Sentencing Guidelines Manual.

to commit the offense.  It was decreased by two points under U.S.S.G. § 3E1.1 for acceptance of responsibility, yielding a total offense level of 43.  Considering Arroyo's criminal history category of III, this yielded a sentencing range of mandatory life on Counts 1 and 4, 240 months on Counts 2, 3 and 5, and 480 months on Count 6.  The Court imposed a sentence of 420 months on Counts 1, 4 and 6, and 240 months on Counts 2, 3 and 5, no more than the statutory maximum sentences established by Arroyo's convictions.  *See* 21 U.S.C. § 841(b)(1).  Arroyo comes before the Court regarding recent changes to U.S.S.G. § 2D1.1 that he believes may lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Arroyo cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels

associated with various amounts of crack cocaine.  Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.

The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct attributable to drugs other than crack cocaine was sufficient to support the original offense level.  Arroyo was sentenced based on amounts of other drugs that were sufficient to establish his base offense level of 38 even excluding all crack cocaine.  Thus, under the old and amended guidelines his relevant conduct warranted a base offense level of 38.  The amendment did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Arroyo cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to give him a reduction.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 210).  The Clerk's Office is **DIRECTED** to mail a copy of this Order to Defendant Ruben Arroyo, Reg. No. 06685-025, FCI Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808.

**IT IS SO ORDERED.**
**Dated this 23d day of September 2009.**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **U.S. DISTRICT JUDGE**