UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RUBEN ARROYO,<br><br>    Defendant. | Case No. 05-cr-40028-JPG-1 |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Ruben Arroyo's motion under Federal Rule of Civil Procedure 60(b) (Doc. 325) for reconsideration of the Court's November 29, 2017, order (Doc. 320) denying his *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual § 1B1.10 (Doc. 290). In that order, the Court found Arroyo was not eligible for a sentence reduction because he had not been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 to the sentencing guidelines reduced Arroyo's base offense level, his sentencing range of 360 months to life remained the same.

In his pending motion, Arroyo does not challenge the Court's ruling, but instead asks the Court to use its inherent authority to modify his sentence by moving it to the low end of the 360 month to life guideline range. He claims the factors listed in 18 U.S.C. § 3553(a) justify such a reduction.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116

(7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Arroyo has not presented any argument or evidence justifying reconsideration of the Court's November 29, 2017, order. The Seventh Circuit Court of Appeals has explained that the Court does not have inherent power to reduce a criminal sentence:

> A district court's jurisdiction to alter a sentence on the defendant's motion is extremely limited. For a brief period after sentencing the court may entertain a motion to reconsider, *United States v. Healy,* 376 U.S. 75, 84 S. Ct. 553, 11 L. Ed.2d 527 (1964); *United States v. Rollins,* 607 F.3d 500, 502-04 (7th Cir. 2010). Otherwise the court is limited by 18 U.S.C. § 3582(c), which precludes modification of a prison term except on motion of the Bureau of Prisons, *id.* § 3582(c)(1)(A), or when a retroactive amendment to the guidelines would lower the defendant's imprisonment range, *id.* § 3582(c)(2), or when "expressly permitted by statute or by Rule 35," *id.* § 3582(c)(1)(B). *See United States v. Redd,* 630 F.3d 649, 650-51 (7th Cir. 2011); *United States v. Poole,* 550 F.3d 676, 678 (7th Cir. 2008); *United States v. Lawrence,* 535 F.3d 631, 637 (7th Cir. 2008).

*United States v. Jumah*, 431 F. App'x 494, 496 (7th Cir. 2011).

Arroyo's request falls into none of these categories. The "brief period after sentencing" in which reconsideration is allowed has long passed. Additionally, as it noted in its November 29, 2017, order, the Court does not have any authority under 18 U.S.C. § 3582(c)(2) to reduce

2

Arroyo's sentence because of a retroactive guideline amendment. Nor does it have authority under 18 U.S.C. § 3582(c)(1): the Bureau of Prisons has not moved to reduce Arroyo's sentence, and Arroyo has cited no other statute or rule that permits a reduction. In sum, the Court has no jurisdiction to grant Arroyo the discretionary sentence reduction he seeks.

For these reasons, the Court **DISMISSES for lack of jurisdiction** Arroyo's motion for reconsideration (Doc. 325).

**IT IS SO ORDERED.**
**DATED:   February 6, 2018**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**